JEFFREY KAHN, Appellant, *v.* BRENT ROBERT ORME, Respondent.

No. 21784

August 5, 1992                                    835 P.2d 790

*Richard R. Reed,* Las Vegas, for Appellant.

*Cohen, Lee, Johnson & Merialdo,* Las Vegas, for Respondent.

**OPINION**

*Per Curiam:*

The sole issue on appeal is whether the district judge abused her discretion in denying a motion to set aside default judgment pursuant to NRCP 60(b). We hold that she did not.

*THE FACTS*

On or about September 12, 1987, respondent Brent Robert Orme ("Orme") was employed as a doorman for the Moby Grape Nightclub in Las Vegas, Nevada. Appellant Jeffrey Kahn ("Kahn") was a patron at the nightclub, along with his brother Frank and two other companions. Orme alleges that during the course of the evening, Kahn and his brother engaged in unruly and destructive behavior, following which Orme asked Kahn to leave the premises with his party. As Orme walked behind the party, he alleges that Kahn's brother Frank became abruptly violent and engaged in an unprovoked and malicious attack on Orme. Orme further alleges that as he was attempting to restrain Kahn's brother, he fell to the ground and Kahn kicked Orme several times. When the police arrived, Orme was placed under arrest, based on false accusations apparently manufactured by Kahn.

Orme was subsequently charged with attempted murder and battery. The attempted murder charge was dropped. Orme was subsequently acquitted of all remaining charges following a trial before Judge Donald M. Mosely on August 8, 1988. Orme then filed a complaint against Kahn and his companions for battery, defamation and malicious prosecution on December 2, 1988.

Kahn was personally served with a copy of the summons and complaint, through his wife, on February 4, 1989, at his residence in San Mateo County, California. After Kahn failed to file an answer, Orme filed a motion for entry of default judgment which was scheduled for hearing on April 13, 1989. On April 13, 1989, Kahn made a special appearance through his counsel, Peter L. Flangas ("attorney Flangas"), to quash service of process. Kahn's motion was subsequently granted and Orme petitioned

this court for a writ of mandamus, which was unopposed by Kahn.[1] The writ was granted and the district court was instructed to accept personal jurisdiction over Kahn on November 27, 1989. *See* Orme v. District Court, 105 Nev. 712, 782 P.2d 1325 (1989).

On December 12, 1989, Orme filed a re-notice of motion for entry of default judgment. The motion was set for hearing on January 3, 1990. However, on or about December 20, 1990, attorney Flangas and Kahn agreed to terminate their attorney-client relationship. Thereafter, attorney Flangas filed a motion to withdraw and Kahn personally appeared before Judge J. Charles Thompson, without counsel, at the hearing on January 3, 1990.[2] Judge Thompson informed Kahn that motions for attorney Flangas' withdrawal and default judgment were pending and advised him to obtain counsel. The hearing was continued until January 18, 1990, to be heard before Judge Nancy A. Becker.

Following the January 3, 1990 hearing, Kahn did not obtain counsel as advised. Moreover, Kahn did not file an opposition to the motion for default judgment, and also failed to personally appear at the hearing on January 18, 1990. As a result, a default judgment was entered against Kahn in the amount of $9,624.26 as damages for legal fees incurred by Orme in his defense of the criminal prosecution instigated by Kahn, together with $134.69 for costs. The hearing was continued to February 8, 1990, for Orme to prove-up all further damages. Because of his absence at the hearing on January 18, 1990, Kahn had no notice of the continuance.

At the hearing on February 8, 1990, Orme provided evidence and testimony regarding the additional damages. Kahn was not in attendance and was unrepresented. Following the hearing, the district court awarded Orme $100,000.00 in general damages and $50,000.00 in punitive damages, for a total award of $159,398.93 plus postjudgment interest. The final default judgment was filed on February 16, 1990.

Nearly six months later, on August 10, 1990, Kahn filed a motion for relief from judgment pursuant to NRCP 60(b).[3] Fol-

---

[1]This court received a letter from attorney Flangas on August 2, 1989, wherein he stated that Kahn had not responded to correspondence advising him of the petition by Orme. Consequently, attorney Flangas did not file an opposition to the petition, although ordered to respond by this court, because he was apparently unsure as to whether Kahn had obtained other counsel on the matter.

[2]Attorney Flangas filed a motion to withdraw as Kahn's counsel of record on December 21, 1989, wherein attorney Flangas stated that Kahn was given full notice of the pending motion for entry of default judgment and the hearing on January 3, 1990.

[3]NRCP 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or

lowing a hearing held on September 20, 1990, Judge Becker denied Kahn's motion for relief in an order filed on October 12, 1990.

## DISCUSSION

The standard of review for an order denying a NRCP 60(b) motion for relief is whether the district court abused its discretion. Heard v. Fisher's Cobb Sales, 88 Nev. 566, 568, 502 P.2d 104, 105 (1972) (citations omitted). District judges are afforded *broad* discretion in ruling on NRCP 60(b) motions. Britz v. Consolidated Casinos Corp., 87 Nev. 441, 445, 488 P.2d 911, 914-15 (1971) ("trial judge is free to judiciously and reasonably exercise discretion in determining whether a default judgment should be set aside"). Kahn bases his argument primarily on NRCP 60(b)(1).

Under NRCP 60(b)(1), the district court may relieve a party from a final judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." Before granting a NRCP 60(b)(1) motion, the district court must consider several factors, as provided in Yochum v. Davis, 98 Nev. 484, 653 P.2d 1215 (1982). First, there must have been *"a prompt application to remove the judgment."* Yochum, 98 Nev. at 486, 653 P.2d at 1216 (citing Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963)) (citations omitted) (emphasis added). Second, there must be an *"absence of an intent to delay the proceedings."* Id. (Emphasis added). Third, there must be evidence of *"a lack of knowledge of procedural requirements"* on the part of the moving party. Id. (Emphasis added.) Fourth, the motion must be made in *"good faith."* Id. (Emphasis added.) Fifth, "the moving party must promptly tender a *'meritorious defense'* to the claim for relief." Yochum, 98 Nev. at 487, 653 P.2d at 1216-17 (citations omitted) (emphasis added). Finally, "the court must give due consideration to the state's underlying *basic policy of resolving cases on their merits* whenever possible." Yochum, 98 Nev. at 487, 653 P.2d at 1217 (emphasis added). Here, the burden of proof lies with Kahn, who must show "mistake, inadvertence, surprise or excusable neglect, either singly or in combination . . .

---

proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment . . . . The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken.

'by a preponderance of the evidence. . . .' " Britz v. Consolidated Casinos Corp., 87 Nev. at 446, 488 P.2d at 911 (1971) (quoting Luz v. Lopes, 358 P.2d 289, 294 (Cal. 1960)).

A. *Whether Kahn acted promptly.*

Default judgment was entered against Kahn on February 16, 1990. As early as March of 1990, Kahn admitted under oath, while testifying as a witness on behalf of his brother Frank in a separate trial stemming from the same incident, that he was aware that default judgment had been entered against him. NRCP 60(b) provides a maximum time of six months in which a party may file for relief under subsection (1). Despite his knowledge of the default judgment, Kahn did not file to set it aside until nearly six months of its entry.

In Union Petrochemical Corp. v. Scott, 96 Nev. 337, 609 P.2d 323 (1980), we upheld a default judgment against a party who filed a NRCP 60(b) motion within the six-month period. We reasoned that, although Union filed within the deadline provided in NRCP 60(b), it nevertheless failed to act *promptly.* We concluded: "want of diligence in seeking to set aside a judgment is ground enough for denial of such a motion." *Union,* 96 Nev. at 339, 609 P.2d at 324 (citing Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968); Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963)). Here, Kahn admittedly knew the default judgment had been entered against him as early as March of 1990. Kahn did not seek out counsel until late May of 1990, after which he did not move to set aside the default judgment until August 10, 1990. Under the circumstances, we cannot conclude that the district judge abused her discretion in finding that Kahn failed to act promptly.

B. *Whether the facts show an absence of intent to delay.*

Within ten days of Orme's re-notice of motion for entry of default judgment, Kahn declined to retain attorney Flangas, personally appeared before Judge Thompson at the hearing on January 3, 1990, and subsequently ignored Judge Thompson's admonitions to obtain counsel. In fact, Kahn waited for nearly five months to secure other representation. Furthermore, Kahn failed to file a single motion opposing Orme below. Accordingly, we conclude that there is sufficient evidence to support the district court's determination that Kahn failed to establish the absence of an intent to delay.

C. *Whether Kahn lacked knowledge of procedural requirements.*

Kahn unquestionably had full notice of the hearing on January 18, 1990. All that was required of Kahn was to either personally appear at the hearing or obtain counsel to appear on his behalf.

Kahn also knew that a hearing for default judgment was pending when he chose to terminate his relationship with attorney Flangas on December 20, 1989. Kahn's failure to obtain new representation or otherwise act on his own behalf is inexcusable. As we stated previously in *Union:*

> we are not confronted here with some subtle or technical aspect of procedure, ignorance of which could readily be excused. The requirements of the rule are simple and direct. *To condone the actions of a party who has sat on its rights only to make a last-minute rush to set aside judgment would be to turn NRCP 60(b) into a device for delay rather than the means for relief from an oppressive judgment that it was intended to be.*

*Union,* 96 Nev. at 339, 609 P.2d at 324 (citing Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 598 P.2d 1147 (1979); Central Operating Co. v. Utility Workers of America, 491 F.2d 245 (4th Cir. 1974)) (emphasis added). Kahn had sufficient knowledge to act responsibly. We cannot conclude that Kahn failed to respond to set aside the default judgment because he was ignorant of procedural requirements. Accordingly, we hold that Judge Becker did not abuse her discretion in deciding this issue.

D.   *Whether Kahn acted in good faith.*

Kahn has not provided any reason for failing to appear at the hearing on January 18, 1990. Furthermore, he has not provided a reasonable explanation for waiting five months to obtain other counsel despite having knowledge of the default judgment entered against him. Accordingly, we conclude that the district court could have reasonably determined that Kahn lacked good faith in contesting this action.

E.   *Whether Kahn has produced a meritorious defense.*

The elements of a meritorious defense are as follows:

> (1) the fact testimony or affidavit of one possessing testimonial qualifications, which factual information, if true, would tend to establish a defense to all or part of the claim for relief asserted; or
> (2) the opinion of counsel for a party, based upon facts related to him (without setting forth such facts), that a meritorious defense exists to all or part of the claim for relief asserted; or
> (3) the tendering of a responsive pleading in good faith, with the moving papers, which responsive pleading, if true, would tend to establish a meritorious defense to all or part of the claim for relief asserted; or
> (4) any combination of the above.

Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 155, 380 P.2d 293, 295 (1963).

In an affidavit attached to his NRCP 60(b) motion, Kahn provided a defense to the battery claim; however, he did not provide a defense to the charge of malicious prosecution. We agree with the district court that it cannot be said as a matter of law that "Kahn was not guilty of instigating a malicious prosecution action against . . . Orme when he admittedly gave false oral and written reports . . . to officers. . . ."

F. *Whether this case should be tried on the merits for policy reasons.*

This court has held that good public policy dictates that cases be adjudicated on their merits. *See* Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 155-56, 380 P.2d 293, 295 (1963) (original emphasis). However, this policy has its limits:

> We wish not to be understood, however, that this judicial tendency to grant relief from a default judgment implies that the trial court should always grant relief from a default judgment. Litigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity. Lack of good faith or diligence, or lack of merit in the proposed defense, may very well warrant a denial of the motion for relief from the judgment.

Lentz v. Boles, 84 Nev. 197, 200, 438 P.2d at 256 (1968).

The trial court concluded that Kahn "failed to show mistake, inadvertence, surprise or *excusable neglect* sufficient to justify relief from that default judgment entered against him on February 18, 1990, under the terms of Nev. R. Civ. P. 60(b)." (Emphasis added.) "A court has wide discretion in determining what neglect is excusable and what is inexcusable." Britz v. Consolidated Casinos Corp., 87 Nev. 441, 445-46, 488 P.2d 911, 915 (1971) (quoting Cicerchia v. Cicerchia, 77 Nev. 158, 161, 360 P.2d 839, 841 (1961)). Accordingly, we cannot conclude that Judge Becker abused her discretion in ruling against Kahn below.

## CONCLUSION

Kahn has failed to show that the district court abused its discretion in denying him relief from the default judgment pursuant to NRCP 60(b). Kahn has had every opportunity to properly defend this action and appears to have made a voluntary choice not to. Therefore, we conclude that the district court reasonably applied the basic factors in evaluating a NRCP 60(b) motion and did not abuse its discretion in denying Kahn's motion for relief. We have reviewed all other issues on appeal and conclude that they lack merit.