An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC HOLTON A/K/A BRUCE WALKER,
Appellant,
vs.
THE STATE OF NEVADA; DR. POTTER; EASTERN NEVADA MEDICAL GROUP; ZOETTA WAGNER; GUNCARS (AWO); WOLF (AWP); SALVADORE GODENEZ; DEBBIE ROBISON; STEVEN MCARTHUR; AND E.K. MCDANIEL,
Respondents.

No. 59619

**FILED**

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying NRCP 60(b) relief in a civil rights action. Seventh Judicial District Court, White Pine County; Dan L. Papez, Judge.

In 2011, appellant filed the underlying 42 U.S.C. § 1983 action against respondents. In his complaint, appellant alleged that respondents violated his constitutional rights by refusing to remove shotgun pellets that became lodged in his body in 1990. The district court dismissed appellant's complaint on the ground that it was time-barred by NRS 11.190(4)(e), the applicable two-year statute of limitations. In so doing, the district court clarified that even if appellant were given the benefit of the "discovery rule," appellant's cause of action would have accrued no later than September 17, 2003—the date when appellant cross-examined a witness in a different case and the witness opined that appellant's medical problems were caused by the shotgun pellets. See Bemis v. Estate of Bemis, 114 Nev. 1021, 1024, 967 P.2d 437, 440 (1998) ("Under the

13 - 10863

discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." (quotation omitted)).

Thereafter, appellant filed a motion for NRCP 60(b) relief. In his motion, appellant maintained that he had neglected to include two factual allegations in his complaint that would have been sufficient to warrant a further tolling of the statute of limitations. Cf. NRCP 60(b)(1) (indicating that relief from a judgment may be granted in instances of excusable neglect). While noting that appellant's motion contained other arguments, the district court expressly considered one of these omitted allegations, found that appellant's failure to include it in his complaint was inexcusable, and further found that the allegation would not have changed the September 17, 2003, accrual date of appellant's cause of action even if it were true. Consequently, it denied appellant's motion.

Appellant now appeals the denial of his NRCP 60(b) motion, which we review for an abuse of discretion. Kahn v. Orme, 108 Nev. 510, 513, 835 P.2d 790, 792 (1992). On appeal, appellant contends that the district court abused its discretion by failing to address his "primary argument"—i.e., the other omitted factual allegation. This other allegation was that, from 2000 through 2005, one of the respondents intentionally misinformed appellant that the shotgun pellets were not causing his health problems.

Without expressly stating as much, the district court's order rejected appellant's "primary argument" for the same reason it rejected his other argument: appellant failed to demonstrate excusable neglect so as to warrant relief from the judgment. Because nothing prevented appellant from including both omitted factual allegations in his complaint, the

district court was within its discretion when it found that appellant had inexcusably neglected to do so. NRCP 60(b)(1); <u>Kahn</u>, 108 Nev. at 513, 835 P.2d at 792. Moreover, even if the unaddressed allegation were true, its inclusion in appellant's complaint would not have changed the district court's determination that appellant's cause of action accrued no later than September 17, 2003.[1] Accordingly, the district court was within its discretion to deny appellant's request for NRCP 60(b) relief, and we

ORDER the judgment of the district court AFFIRMED.[2]



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]Specifically, "[u]nder the discovery rule, the statutory period of limitations is tolled until the injured party discovers <u>or reasonably should have discovered facts</u> supporting a cause of action." <u>Bemis</u>, 114 Nev. at 1024, 967 P.2d at 440 (emphasis added) (quotation omitted). Appellant's own complaint stated that two doctors diagnosed him as having an allergic reaction to the shotgun pellets in "late 1999, early 2000," and it further stated that the adverse witness in appellant's 2003 trial attributed his health problems to the pellets. Thus, even if one of the respondents did intentionally misinform appellant between 2000 and 2005 as to the cause of his health problems, appellant had ample facts before him during this same time period to support his cause of action. <u>Id.</u>

[2]To the extent that appellant raises other allegations of error, we conclude that these allegations do not warrant reversal of the district court's order.

cc:   Seventh Judicial District Court, Department 2
      Eric Holton
      Attorney General/Carson City
      White Pine County Clerk