An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KATHY CARLENE STEELE,
Appellant,
vs.
EMC MORTGAGE CORPORATION;
AND NATIONAL DEFAULT
SERVICING CORPORATION,
Respondents.

No. 59490


FILED

SEP 2 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court summary judgment in a contract and tort action. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

This court reviews de novo whether the district court properly granted summary judgment. *Wood v. Safeway, Inc.,* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate "when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Id.* (quotation and alteration omitted).

Appellant first contends that the district court improperly granted summary judgment in favor of respondent EMC Mortgage on appellant's breach of contract claim. We disagree, as appellant presented no evidence that she entered into a contract with EMC Mortgage. To the contrary, both the original loan documents and the repayment agreement that EMC Mortgage allegedly breached were signed by appellant's father only. Although appellant presented evidence that EMC Mortgage

13-28094

accepted loan payments from appellant and communicated with appellant regarding the loan's status, this conduct alone does not manifest the parties' intent to bind appellant to the terms of the loan so as to give rise to an implied contract between EMC Mortgage and appellant.[1] *See Certified Fire Prot. Inc. v. Precision Constr.*, 128 Nev. ___, ___, 283 P.3d 250, 256 (2012) ("A contract implied-in-fact must be manifested by conduct . . . ." (quotation omitted)); *Smith v. Recrion Corp.*, 91 Nev. 666, 668-69, 541 P.2d 663, 664-65 (1975) (concluding that no implied contract existed when the parties' conduct did not manifest an ascertainable agreement). Thus, as appellant presented no evidence of a contract between her and EMC Mortgage, the district court properly granted summary judgment in favor of EMC Mortgage on appellant's breach of contract claim.[2] *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

Appellant next contends that the district court improperly granted summary judgment in favor of respondents on appellant's civil conspiracy claim. A cause of action for civil conspiracy consists of two

[1]Appellant contends that the district court erred in denying her NRCP 60(b) motion in which she contended that computer notes obtained from EMC Mortgage demonstrated that EMC Mortgage agreed with her to modify the repayment agreement. A review of these notes reveals no such agreement, nor can it be inferred that EMC Mortgage's counsel committed fraud by not bringing the notes to the court's attention. Accordingly, the district court was within its discretion to deny appellant's NRCP 60(b) motion. *Kahn v. Orme*, 108 Nev. 510, 513, 835 P.2d 790, 792 (1992) (reviewing the denial of an NRCP 60(b) motion for an abuse of discretion).

[2]Summary judgment in favor of respondent National Default Servicing Corporation (NDSC) on appellant's breach of contract claim was also proper, as no evidence suggested that appellant had entered into a contract with NDSC.

elements: (1) two or more defendants acting in concert with the intent to accomplish an unlawful objective for the purpose of harming another, and (2) damage resulting from the concerted acts. *Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998). Appellant alleges that EMC Mortgage and NDSC agreed to not rescind the notice of default and that they made this agreement at a time when they knew appellant would skip a work-related function in Elko in order to drive to Reno to institute this lawsuit before the foreclosure sale occurred. This, according to appellant, satisfies the first civil conspiracy element, and the fact that she lost her job satisfies the second element.

For several reasons, we conclude that the district court properly granted summary judgment on appellant's civil conspiracy claim. Most notably, even when appellant's evidence is viewed in a light most favorably to her, *Wood*, 121 Nev. at 729, 121 P.3d at 1029, it is still purely speculative that respondents refused to rescind the notice of default with the purpose of causing appellant to lose her job, all the while knowing that this course of action would lead to them being sued. *Id.* at 732, 121 P.3d at 1031 (indicating that a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the operative facts" (quotation omitted)). Accordingly, summary judgment was properly granted on appellant's civil conspiracy claim.

We have thoroughly reviewed appellant's proper person appeal statement, the record on appeal, and the September 28, 2011,

hearing transcript,[3] and we conclude that appellant's remaining arguments do not warrant reversal of the challenged orders. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Connie J. Steinheimer, District Judge
       Kathy Carlene Steele
       Smith Larsen & Wixom
       Tiffany & Bosco, P. A.
       Washoe District Court Clerk

---

[3]Appellant's January 8, 2013, motion to submit this transcript is granted, and we direct the clerk of this court to detach and file the transcript attached to the January 8 motion.