An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LAMONT HOWARD,
Appellant,
vs.
MARTIN DRUMM,
Respondent.

No. 62133

**FILED**

MAY 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order denying an NRCP 60(b) motion for relief from a default judgment in a tort action. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

In the underlying personal injury suit, the district court found appellant in default for failure to file a responsive pleading or otherwise defend against respondent's complaint. Following a prove-up hearing, the district court entered judgment by default against appellant, after finding that appellant had been properly served with notice of entry of default and with notice of the prove-up hearing and that appellant failed to either file an opposition to the entry of default or attend the prove-up hearing. Appellant filed two motions seeking to set aside the default judgment. Construing the motions as seeking NRCP 60(b) relief, the district court denied the motions in two orders entered on October 17, 2012, on the ground that appellant had failed to satisfy NRCP 60(b)(1)'s standard for obtaining relief from a final judgment.[1] Appellant now appeals.

---

[1]The district court denied one of appellant's motions to set aside the default judgment on the basis that it lacked jurisdiction to rule on the motion because appellant had appealed the default judgment and that appeal was pending in this court. Although the district court erroneously concluded that it lacked jurisdiction to rule on appellant's

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15703

The district court has broad discretion in deciding whether to set aside a default judgment, and its determination will be affirmed absent a clear abuse of that discretion. *Kahn v. Orme*, 108 Nev. 510, 513, 835 P.2d 790, 792 (1992). Under NRCP 60(b)(1), the district court may provide relief on grounds of mistake, inadvertence, surprise, or excusable neglect. *Kahn*, 108 Nev. at 513, 835 P.2d at 792. In determining whether relief is appropriate, the court must consider whether (1) there has been a prompt application to remove the judgment, (2) the moving party did not intend to delay the proceedings, (3) the moving party lacked knowledge of procedural requirements, and (4) the moving party acted in good faith. *Id.* at 513, 835 P.2d at 792-93. The moving party bears the burden of establishing the grounds for relief. *Id.* at 513-14, 835 P.2d at 793.

Appellant argues that his delay constituted excusable neglect, as, when he received service of the action, he was incarcerated in the "Fish Tank" at Northern Nevada Correctional Center and was unable to receive legal assistance until after mid-October 2011. Appellant further argues that the district court erred in not appointing a legal representative, not allowing appellant to attend the prove-up hearing, and not granting appellant an opportunity to review the evidence against him.[2] The district

---

*...continued*

motion to set aside the default judgment, *see Foster v. Dingwall*, 126 Nev. ___, ___, 228 P.3d 453, 455 (2010) (providing that the district court has jurisdiction to deny an NRCP 60(b) motion when an appeal of the judgment is pending), we do not further address that issue as the district court denied appellant's requested relief on the merits in its other order entered on October 17, 2012.

[2]Appellant's argument regarding clerical error in his codefendant's mailing address is not relevant to this appeal, and accordingly, his argument under NRCP 60(a) does not warrant reversal. *Cf. Salman v. Newell*, 110 Nev. 1333, 1336, 885 P.2d 607, 608 (1994)

*continued on next page...*

Supreme Court
OF
Nevada

(O) 1947A

court considered the *Kahn* factors in its order and concluded that excusable neglect was not present. *Id.* at 513-14, 835 P.2d at 792-93. The court noted that appellant admitted to being properly served; had ample time to file any type of pleading in response to this suit, even considering receiving service while in the "Fish Tank"; and did not attend the prove-up hearing despite having notice of it. Having considered the record and appellant's arguments, we conclude that the district court was within its discretion in determining that appellant did not establish that any neglect was excusable. *See Tahoe Village Realty v. DeSmet*, 95 Nev. 131, 134, 590 P.2d 1158, 1160 (1979) (recognizing that although failure to file an answer "may suggest neglect, the district court was not bound to declare it excusable"), *abrogated on other grounds by Ace Truck & Equip. Rentals v. Kahn*, 103 Nev. 503, 746 P.2d 132 (1987), *abrogated on other grounds by Bongiovi v. Sullivan*, 122 Nev. 556, 138 P.3d 433 (2006). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.            _____, J.
Douglas                                             Cherry

---

*...continued*

(noting that an individual may represent himself, but not another person, before the court).

[3]Having considered appellant's other arguments, we conclude that they lack merit and do not warrant reversal.

 

cc:     Second Judicial District Court Dept. 10
        Lamont Howard
        Kathleen A. Sigurdson
        Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A