An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN FLOYD VOSS,
Appellant,
vs.
CORRECTIONAL OFFICERS: ADAM
VALESTER; PHILIP DICKERMAN;
RONALD MULLINS; THE LOVELOCK
CORRECTIONAL CENTER; AND THE
NEVADA DEPARTMENT OF
CORRECTIONS,
Respondents.

No. 63746

FILED

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying NRCP 60(b) relief in a tort and civil rights action. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

Appellant commenced the underlying tort action on August 22, 2008, and the district court dismissed appellant's complaint on September 25, 2008, for failure to plead sufficient damages to meet the statutory threshold of the district court's jurisdiction. Appellant appealed, and this court affirmed the district court's dismissal on March 27, 2009. On June 14, 2013, appellant submitted an amended complaint to the district court reframing his tort claims as 42 U.S.C. § 1983 claims and moved for leave to file the amended complaint under NRCP 15(a) and for relief from judgment under NRCP 60. The district court denied appellant's NRCP 60(b) motion as untimely, denied leave to amend the complaint, and granted respondents' motion to strike the amended complaint. This appeal followed.

14-19303

The district court has broad discretion in ruling on NRCP 60(b) motions, and an order denying relief is reviewed for an abuse of discretion. *Kahn v. Orme*, 108 Nev. 510, 513, 835 P.2d 790, 792 (1992). A complaint may not be amended when a final judgment has been entered, unless that judgment is set aside or vacated in accordance with the rules of civil procedure. *SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612, 173 P.3d 715, 717 (2007).

Appellant argues that leave to amend should have been granted under liberal pleading rules. While leave to amend shall be freely given when justice requires, the trial judge retains discretion to deny a motion to amend. *Stephens v. S. Nev. Music Co.*, 89 Nev. 104, 105, 507 P.2d 138, 139 (1973). Here, the district court observed that leave to amend was only sought after the original complaint had been dismissed and the dismissal was affirmed on appeal, that the dismissal had not been otherwise set aside or vacated, and that appellant's NRCP 60(b) motion for relief was extremely untimely. Thus, we discern no abuse in the district court's exercise of its discretion. *SFPP, L.P.*, 123 Nev. at 612, 173 P.3d at 717; *Kahn*, 108 Nev. at 513, 835 P.2d at 792; *Connell v. Carl's Air Conditioning*, 97 Nev. 436, 439, 634 P.2d 673, 675 (1981).

Appellant also argues that the district court failed to consider NRCP 60(b)(5) in evaluating appellant's motion because the district court's judgment could not be construed as equitable. Appellant misconstrues this rule, which addresses equity with respect to an injunction's prospective application and does not provide general relief from inequitable judgments. NRCP 60(b)(5). This appeal and appellant's underlying case do not involve an injunction or any other basis for implicating NRCP 60(b)(5). Consequently, we conclude that the district

SUPREME COURT
OF
NEVADA

(O) 1947A

court did not abuse its discretion in declining to order relief under NRCP 60(b)(5). *Kahn*, 108 Nev. at 513, 835 P.2d at 792. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Richard Wagner, District Judge
Steven Floyd Voss
Attorney General/Carson City
Pershing County Clerk

---

[1]We have considered appellant's other arguments, including appellant's argument regarding NRCP 60(a) and claim preclusion, and conclude that they do not warrant reversal.