An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

REZA ZANDIAN, A/K/A GOLAMREZA ZANDIANJAZI, A/K/A GHOLAM REZA ZANDIAN, A/K/A REZA JAZI A/K/A J. REZA JAZI, A/K/A G. REZA JAZI, A/K/A GHONOREZA ZANDIAN JAZI, AN INDIVIDUAL,
Appellant,
vs.
JED MARGOLIN, AN INDIVIDUAL,
Respondent.

No. 65205

**FILED**

OCT 1 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

No. 65960

REZA ZANDIAN A/K/A GOLAMREZA ZANDIANJAZI A/K/A GHOLAM REZA ZANDIAN A/K/A REZA JAZI A/K/A J. REZA JAZI A/K/A G. REZA JAZI A/K/A GHOLAMREZA ZANDIAN JAZI, AN INDIVIDUAL,
Appellant,
vs.
JED MARGOLIN, AN INDIVIDUAL,
Respondent.

*ORDER OF AFFIRMANCE*

These are appeals from district court post-judgment orders denying an NRCP 60(b) motion and awarding attorney fees and costs in a deceptive trade practice action. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant's general denial was stricken by the district court as a sanction for failure to respond to discovery requests. A default judgment was thereafter entered against appellant and attorney fees and costs were awarded to respondent. Over five months after the entry of the default judgment, appellant filed an NRCP 60(b) motion seeking to set aside the

15-31719

default judgment, which was denied by the district court. These appeals followed.[1]

The district court has broad discretion in deciding whether to grant or deny an NRCP 60(b) motion to set aside a judgment, and this court will not disturb that decision absent an abuse of discretion. *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996); *see also NC-DSH, Inc. v. Garner*, 125 Nev. 647, 657-58, 218 P.3d 853, 861 (2009) (specifying that this court reviews a district court's denial of NRCP 60(b) relief for an abuse of discretion). Having reviewed the parties' briefs and appendices, we perceive no abuse of discretion in the district court's denial of appellant's NRCP 60(b) motion. The district court found that appellant failed to promptly move to set aside the default judgment, he did not show that he lacked intent to delay by failing to respond to the discovery requests and motions in the case, and he demonstrated inexcusable neglect by willfully failing to respond to or participate in the action. *See Kahne v. Orme*, 108 Nev. 510, 513-516, 835 P.2d 790, 792-94 (1992) (setting forth the factors a district court must consider in deciding an NRCP 60(b) motion), *overruled in part by Epstein v. Epstein*, 114 Nev. 1401, 950 P.2d 771 (1997). Accordingly, we affirm the district court's denial of appellant's NRCP 60(b) motion.

We further conclude that the district court did not abuse its discretion in awarding attorney fees and costs to respondent. Although NRS 598.0999(2) addresses public causes of action, NRS 41.600 provides for a private cause of action for deceptive trade practices under NRS

---

[1]We elect to consolidate these appeals for disposition. *See* NRAP 3(b).

598.0915 to NRS 598.0925 and mandates the award of attorney fees and costs to the claimant if they are the prevailing party. We further conclude that the district court did not abuse its discretion in finding respondent's counsel's hourly rate reasonable. *See Gunderson v. D.R. Horton, Inc.*, 130 Nev., Adv. Op. 9, 319 P.3d 606, 615 (2014) (stating that this court reviews an award or denial of attorney fees and costs for an abuse of discretion); *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349-50, 455 P.2d 31, 33 (1969). Accordingly, we perceive no abuse of discretion in the district court's decision and affirm its award of attorney fees and costs.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. James Todd Russell, District Judge
David Wasick, Settlement Judge
Kaempfer Crowell/Carson City
Kaempfer Crowell/Reno
Watson Rounds
Carson City Clerk