# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRENDEN GARRISON, AN
INDIVIDUAL; CONNIE S. JORDAN, AS
PERSONAL REPRESENTATIVE FOR
THE ESTATE OF CHRISTOPHER
CARMICHAEL, DECEASED; AND
CONNIE JORDAN, AN INDIVIDUAL,
Appellants,
vs.
VAN BUELLER ENTERPRISES, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; CUSTOM TRUCK
ACCESSORIES, A NEVADA
CORPORATION; AND DALE OKUNO,
AN INDIVIDUAL,
Respondents.

No. 77051





## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellants' motion to set aside a default judgment. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

Appellants argue that the district court abused its discretion in denying their motion to set aside a default judgment.[1] We disagree.

---

[1]Appellants also argue that the district court committed various errors in its order entering default judgment. But they did not appeal from that order, so we lack jurisdiction to entertain those arguments here. *See Holiday Inn Downtown v. Barnett*, 103 Nev. 60, 63, 732 P.2d 1376, 1379 (1987) ("[W]e lack jurisdiction to entertain this appeal [from an order denying a motion to set aside default judgment] insofar as it challenges the lower court's order [entering default judgment].").

20-11772

*The district court did not abuse its discretion by failing to analyze all four Yochum factors*

Appellants argue that the district court abused its discretion by failing to analyze all four of the factors that we provided in *Yochum v. Davis*, 98 Nev. 484, 653 P.2d 1215 (1982), for a district court to consider when disposing of a motion to set aside default judgment. Respondents answer that although the district court made explicit findings on only one factor, it *considered* all four. Appellants reply that the issue is not whether the district court considered all four factors, but whether it *analyzed* them, and they cite an unpublished order to support this proposition.[2]

We review an order disposing of an NRCP 60(b)(1) motion for abuse of discretion. *Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 656, 428 P.3d 255, 257 (2018). In disposing of such a motion, "the district court must *consider* several factors." *Kahn v. Orme*, 108 Nev. 510, 513, 835 P.2d 790, 792 (1992) (emphasis added), *overruled in part on other grounds by Epstein v. Epstein*, 113 Nev. 1401, 950 P.2d 771 (1997).

> First, there must have been "a prompt application to remove the judgment." Second, there must be an "absence of an intent to delay the proceedings." Third, there must be evidence of "a lack of knowledge of procedural requirements" on the part of the moving party. Fourth, the motion must be made in "good faith."

*Id.* at 513, 835 P.2d at 792-93 (emphases omitted) (citations omitted) (quoting *Yochum*, 98 Nev. at 486, 653 P.2d at 1216). The district court need

---

[2]They also argue that the district court did not consider the general policy of resolving a case on its merits and thereby abused its discretion. But we decline to consider the argument because they raise it for the first time on appeal in their reply brief. *Weaver v. State, Dep't of Motor Vehicles*, 121 Nev. 494, 502, 117 P.3d 193, 198-99 (2005).

not issue findings on a factor in order to consider that factor. *See Rodriguez*, 134 Nev. at 659, 428 P.3d at 259 (explaining that "[t]he district court considered but made no finding regarding" one of the factors, and affirming the district court's order denying an NRCP 60(b)(1) motion).

In its order denying appellants' motion, the district court cited all four *Yochum* factors, respondents' arguments under the *Yochum* factors, and appellants' replies. Although it issued findings on only the good faith factor, the order shows that it considered all four. Because it considered them, it did not abuse its discretion.

*The district court did not abuse its discretion by finding that appellants did not move in good faith*

Appellants argue that the district court abused its discretion because no evidence in the record shows that they "intended to defraud the District Court or Respondents." They note that they swore in their affidavits to "spen[ding] a significant amount of time at the hospital and doctor visits" with Christopher Carmichael.

Respondents answer that appellants' arguments ignore evidence of bad faith, including their admission in an SEC filing that "lack of funds to defend certain all [sic] claims" led to default judgments in other lawsuits, which respondents argue shows that appellants have knowingly allowed other lawsuits to proceed to default judgment for financial reasons, whereupon they moved to set aside. They cite four such cases listed in the SEC filing. They conclude that in light of this and other evidence, the district court disbelieved appellants' explanation for allowing yet another case to proceed to default judgment.

Appellants reply that the evidence respondents cite "does not change that Appellants showed good faith . . . in *this action*," which they argue they did by "promptly retain[ing] counsel and mov[ing] to set aside."

In *Stoecklein v. Johnson Electric, Inc.*, we explained that under the good-faith factor, "[g]ood faith is an intangible and abstract quality with no technical meaning or definition and encompasses, among other things, an honest belief, the absence of malice, and the absence of design to defraud." 109 Nev. 268, 273, 849 P.2d 305, 309 (1993). We review a district court's findings under the *Yochum* factors for abuse of discretion. *Rodriguez*, 134 Nev. at 656, 428 P.3d at 257. The district court abuses its discretion when "there is no competent evidence to justify the court's action." *Cook v. Cook*, 112 Nev. 179, 182, 912 P.2d 264, 265 (1996).

In its order denying appellants' motion, the district court found that appellants failed to prove that Carmichael's illness or being locked out of Ubiquity's office prevented them from receiving mail or communicating with Ubiquity's registered agent, which the district court found that respondents properly served. It concluded that their "assertion they were completely unaware of this lawsuit until [after default judgment] . . . is insufficient to establish excusable neglect."

We conclude that the district court did not abuse its discretion. The only evidence supporting appellants' good-faith argument is their affidavits, in which they attested that Carmichael's illness occupied "a tremendous amount of [their] time"; that their landlord locked Ubiquity out of its office and "[took] and return[ed] all of Ubiquity's mail that was sent to Ubiquity's business address," including mail sent to its registered agent; and that they first learned of this case two months after the district court entered default judgment. Appellant Brenden Garrison also attested that he "was unaware of any attempted service at [his] home, and ha[d] not seen any papers at [his] home related to this matter."

But much more evidence tends to prove that appellants were not too busy to conduct business, that they knew of the proceedings much earlier than they claim, and that they were not locked out of their office until after respondents had served them there. That evidence includes numerous SEC filings from June 2017 through August 2017 bearing Carmichael's and Garrison's signatures; proof of service showing that respondents served Garrison at his home in July 2017 and by mail at that address the next day; an affidavit attesting that respondents served Ubiquity's registered agent in August 2017; an affidavit attesting that Ubiquity's registered agent had a practice of contacting Ubiquity within 24 hours of service and electronically uploading the served document for Ubiquity's access; a certificate of service attesting that respondents served Carmichael and appellant Connie Jordan by mail at their work and residential addresses in September 2017; a complaint in a separate case in which Carmichael and Jordan alleged that Ubiquity's landlord did not lock Ubiquity out of its office until October 2017, by which time respondents had notified appellants and Ubiquity's registered agent at that address; and a June 2018 affidavit attesting that none of the mailings were returned to respondents.

In light of the SEC filing that shows four other default judgments against Ubiquity and suggests that appellants knowingly allowed those lawsuits to proceed to default judgment for financial reasons, this evidence tends to prove that appellants knew of these proceedings before default judgment too. It also tends to prove that appellants' affidavits are untrue insofar as appellants probably knew of the proceedings before the district court entered default judgment, and that appellants were uncandid in their statement that Ubiquity's landlord locked Ubiquity out of

SUPREME COURT
OF
NEVADA

(O) 1947A

5

its office and returned all of its mail, when in fact that happened after respondents served appellants at that office.

We conclude that this evidence justifies the district court's finding that appellants did not move for relief in good faith, and thus that the district court did not abuse its discretion.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Lynne K. Simons, District Judge
        Lansford W. Levitt, Settlement Judge
        Dickinson Wright PLLC
        Holland & Hart LLP/Reno
        Washoe District Court Clerk

---

[3]We decline appellants' request to clarify our holding in *Epstein*, 113 Nev. 1401, 950 P.2d 771, because we recently did so in *Rodriguez*. 134 Nev. at 657 n.2, 428 P.3d at 257 n.2 ("We overruled [the meritorious defense] requirement in *Epstein* . . . .").