# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAUN JOHNSON,
Appellant,
vs.
LETICIA BROOKS,
Respondent.

No. 79298

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a motion for relief from a default judgment regarding parentage and custody.[1] Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

Having considered the record and appellant's arguments on appeal, we are not persuaded that the district court abused its discretion in denying appellant's motion requesting relief from the default judgment and a paternity test with the cost split between appellant and respondent. *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996) (providing that a district court's decision denying a motion to set aside a judgment "will not be disturbed on appeal absent an abuse of discretion"). Because appellant

---

[1]Having considered appellant's pro se brief, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

20-18626

did not file his motion within six months after notice of the default judgment's entry, the district court properly denied it. NRCP 60(b) and (c) (providing that requests for relief from a judgment based on mistake, inadvertence, surprise, or excusable neglect must be filed no later than six months after notice of the judgment's entry).

In addition to the motion's untimeliness, the record supports the district court's finding that appellant did not demonstrate excusable neglect for his failure to contest the findings of paternity in either Nevada or Washington. *Kahn v. Orme*, 108 Nev. 510, 513-14, 835 P.2d 790, 793 (1992) (observing that the moving party bears the burden of establishing the grounds for setting aside a default judgment), *overruled on other grounds by Epstein v. Epstein*, 113 Nev. 1401, 950 P.2d 771 (1997). In particular, it is undisputed that appellant was aware of respondent's petition but did not file an answer,[2] and that he received notice of the default hearing but did not appear or otherwise respond to the notice. Additionally, appellant had an opportunity to complete a paternity test in a Washington State child support action, but he missed the test date, after which the Washington court dismissed the action without prejudice because the Nevada default judgment established paternity. Appellant failed to

---

[2]Appellant filed a letter stating that the petition is "a further attempt to make matters more difficult for me to be a part of our child's life." He asked that all matters "be looked into thoroughly, including my request for paternity, to further prove my rights as a father to our child."

reschedule the test before the dismissal and failed to contest either the Nevada or Washington courts' orders.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Leon Aberasturi, District Judge
       Shaun Johnson
       Evenson Law Office
       Third District Court Clerk

---

[3]Although appellant apparently filed a motion regarding child support, he withdrew it at the hearing, stating that a Washington court recently reduced his child support to zero. On appeal, appellant asks this court to "[r]ecognize the validity of the State of Washington's modification of the support order." The district court declined to address jurisdiction to modify support because the parties did not brief the issue and the record did not explain what occurred in the Washington support matter. Thus, that issue is not properly before us and we decline to address it.