UNION PETROCHEMICAL CORPORATION OF NEVADA, APPELLANT, *v.* E. WALTER SCOTT, RESPONDENT.

No. 11833

April 9, 1980 609 P.2d 323

*Deaner, Deaner & Reynolds,* Las Vegas, for Appellant.

*Albright & McGimsey,* and *William H. Stoddard,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Union Petrochen.;cal Corporation of Nevada (hereinafter referred to as "Union ') appeals from the denial of a motion to set aside a default judgment.

Respondent filed the instant action in the district court to enforce a debt based on a loan made to Union in 1969. Union was granted numerous extensions for the filing of responsive pleadings. Upon expiration of the last extension, no further extension having been requested, a default was sought and obtained. Almost six months after the judgment was entered, Union moved to have it set aside. From the denial of said motion, this appeal was perfected.

A motion to set aside a judgment is governed by NRCP 60(b).[1] The district court has wide discretion in such matters and, barring an abuse of discretion, its determination will not be disturbed. *See, e.g.,* Cicerchia v. Cicerchia, 77 Nev. 158, 360 P.2d 839 (1961). In the instant case, the district court's determination can be sustained on the basis that Union's motion to set aside the judgment was not diligently prosecuted.

NRCP 60(b) requires that a motion to set aside a judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect be "made within a reasonable time, and . . . not more than six months after the judgment . . . was entered or taken." Union first contends that it has complied with this requirement because its motion was filed within the six-month period.[2] To accept Union's reasoning would be to ignore the clear import

---

[1]NRCP 60(b) states, in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than six months after the judgment, order, or proceeding was entered or taken."

[2]Union's reliance on Gutenberger v. Continental Thrift, 94 Nev. 173, 576 P.2d 745 (1978) is misplaced. Although it is true that in *Gutenberger* points and authorities presenting a meritorious defense were filed more than three months after the default judgment was entered, the motion to set aside the judgment, accompanied by an affidavit suggesting a meritorious defense, had been filed one day after the entry of judgment. The vigilance there demonstrated thus stands in sharp contrast to Union's dilatory conduct.

of the rule. The Rhode Island Supreme Court, in passing upon that state's Rule 60(b),[3] correctly perceived the rule's intention:

> The plaintiffs claim that since their motion was filed just prior to the expiration of the one-year period referred to in Rule 60(b), the trial justice had jurisdiction to grant their motion. The plaintiffs had better take a closer look at the rule. Actually, the rule in pertinent part provides that a motion seeking relief from a final judgment or order on the grounds of mistake, inadvertence, surprise or excusable neglect 'shall be made within a reasonable time, and not more than one year' after the judgment or order was taken. It is clear then that such a motion must be made within a reasonable time and the one-year period represents the extreme limit of reasonableness.

Murphy v. Bocchio, 338 A.2d 519, 523 (R.I. 1975).

Union's contention is also rebutted by cases of this court which emphasize that want of diligence in seeking to set aside a judgment is ground enough for denial of such a motion. Lentz v. Boles, 84 Nev. 197, 438 P.2d 254 (1968); *see* Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963).

Union next contends that its delay is excusable; Union does not, however, deny that it had knowledge of the judgment shortly after its entry, but contends instead that its dilatory conduct should be excused because of the distance from its Texas headquarters to Nevada[4] as well as its ignorance of procedural requirements. We summarily reject the excuse concerning the distance from the Texas headquarters. As to the alleged ignorance of procedural requirements, we are not confronted here with some subtle or technical aspect of procedure, ignorance of which could readily be excused. The requirements of the rule are simple and direct. To condone the actions of a party who has sat on its rights only to make a last-minute rush to set aside judgment would be to turn NRCP 60(b) into a device for delay rather than the means for relief from an oppressive judgment that it was intended to be. *See* Franklin v. Bartsas Realty, *supra; see also* Central Operating Co. v. Utility Workers of America, 491 F.2d 245 (4th Cir. 1974).

Accordingly, we affirm the district court's denial of the motion to set aside the default judgment.

---

[3]R.I.R. Civ. P. 60(b) is, like NRCP 60(b), based on Fed. R. Civ. P. 60(b). The Nevada rule differs in that it places a six-month rather than a year limitation on filing the motion to set aside the judgment.

[4]We note that Union is incorporated in Nevada.