DONALD J. STOECKLEIN, INDIVIDUALLY AND AS TRUSTEE OF THE COUNTRY REVOCABLE TRUST, Appellant, *v.* JOHNSON ELECTRIC, INC., Respondent.

No. 23302

March 24, 1993                                         849 P.2d 305

*Alverson, Taylor, Mortensen & Nelson,* Las Vegas, for Appellant.

*Oshins, Gibbons & Marsh,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Respondent Johnson Electric, Inc. (Johnson) alleged in its complaint numerous causes of action, including breach of contract and fraud, arising from a real property transaction with appellant Donald Stoecklein (Stoecklein). The matter was called to trial on January 15, 1992, and neither Stoecklein nor counsel representing Stoecklein appeared. After a bench trial, the court entered judgment for Johnson, and awarded Johnson $75,000 in compensatory damages and $250,000 in punitive damages. On February 27, 1992, Stoecklein filed a motion for relief from judgment under NRCP 60(b)(1).[1] We agree with Stoecklein that he is entitled to a new trial. We conclude that his failure to attend the trial was a result of excusable neglect, as he had not received notice of the trial date, and therefore, we reverse the ruling of the district court and remand for a new trial on the merits.

## FACTS

Johnson filed a complaint on November 19, 1990, in district court against Stoecklein and five other named defendants. An answer to the complaint was filed on January 3, 1991, which denied all allegations and raised twenty-three affirmative defenses. A scheduling order for the district court trial was sent to counsel for the parties on April 26, 1991, stating that the parties should be ready for trial beginning September 30, 1991.[2] The order stated that the court would notify the attorneys for the parties of the date of trial and any pretrial deadlines.

Counsel of record for Stoecklein and the other defendants withdrew on August 19, 1991, due to nonpayment of legal fees. The order of withdrawal filed with the district court provided an incorrect address for future pleadings to be served on Stoecklein.

A bench trial was held on January 15, 1992. Neither Stoecklein

---

[1]NRCP 60(b)(1) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect.

[2]Both Johnson and Stoecklein erroneously stated in their briefs and at oral argument before this court that the April 26, 1991, scheduling order set a trial date of January 13, 1992.

nor anyone representing Stoecklein appeared at trial. Judgment was entered on January 22, 1992, awarding Johnson $75,000 in compensatory damages and $250,000 in punitive damages. Counsel for Johnson sent notice of the judgment to Stoecklein at his correct address in Henderson, Nevada.

Stoecklein obtained new local counsel and filed a motion for relief from judgment under NRCP 60(b)(1) on February 27, 1992. The motion was based on Stoecklein's assertion that he had received no notice of the trial date. The minute order from the hearing on Stoecklein's motion reflects that Judge Lehman stated: "The Court [is] advised Mr. Colvin's client, Donald Stoecklein, is an attorney and should have been available. COURT ORDERED motion denied." On April 2, 1992, an order denying Stoecklein's motion for relief from judgment was entered. Stoecklein now appeals that order.

## DISCUSSION

The district court has wide discretion in deciding whether to grant or deny a motion to set aside a judgment under NRCP 60(b). Its determination will not be disturbed on appeal absent an abuse of discretion. Union Petrochemical Corp. v. Scott, 96 Nev. 337, 338, 609 P.2d 323 (1980). However, this discretion is a legal discretion and cannot be sustained where there is no competent evidence to justify the court's action. Lukey v. Thomas, 75 Nev. 20, 22, 333 P.2d 979 (1959).

Under NRCP 60(b)(1), the district court may relieve a party from a final judgment on grounds of mistake, inadvertence, surprise, or excusable neglect. NRCP 60(b)(1). The presence of the following factors indicates that the requirements of this rule have been satisfied: (1) a prompt application to remove the judgment; (2) an absence of an intent to delay the proceedings; (3) a lack of knowledge of the procedural requirements on the part of the moving party; and (4) good faith. Yochum v. Davis, 98 Nev. 484, 486, 653 P.2d 1215, 1216 (1982). A showing of a meritorious defense to the action is also required. Deros v. Stern, 87 Nev. 148, 152, 483 P.2d 648, 650 (1971). Finally, the district court must consider the state's underlying basic policy of deciding a case on the merits whenever possible. Kahn v. Orme, 108 Nev. 510, 835 P.2d 790, 793 (1992).

*Whether Stoecklein acted promptly.*

Stoecklein filed his motion for relief from judgment on Febru-

ary 27, 1992, thirty-five days after judgment was entered. NRCP 60(b) provides that a motion made under the rule shall be made within a reasonable time, and if based upon mistake, inadvertence, surprise, or excusable neglect, the motion must be made not more than six months after judgment is entered. NRCP 60(b). This court has concluded that such a motion must be made within a reasonable time and that the six-month period represents the extreme limit of reasonableness. *Union Petrochemical,* 96 Nev. at 339, 609 P.2d at 324 (1980). There is no dispute that Stoecklein's motion for relief was timely and made within a reasonable time. Therefore, a prompt application to remove the judgment was made, satisfying the first requirement of the rule.

*Whether Stoecklein intended to delay the proceedings.*

Johnson asserts that Stoecklein's conduct throughout the underlying litigation has been dilatory and that Stoecklein brought the NRCP 60(b)(1) motion to further delay the resolution of this litigation. Stoecklein argues his actions do not show an intent to delay the proceedings. Stoecklein points to the fact that he appeared at his own deposition without counsel, instead of seeking a continuance, and also sought immediate relief after judgment had been entered against him, to show a lack of intent to delay. Stoecklein also argues that he never had notice of the trial date, and was therefore not capable of forming an intent to delay it.

This court has previously examined the circumstances surrounding the filing of the motion for relief from judgment itself to determine whether the applicant was acting solely for the purpose of delay. *See, e.g.,* Union Petrochemical Co. v. Scott, 96 Nev. 337, 609 P.2d 323 (1980). Stoecklein retained new local counsel promptly after learning of the judgment, timely filed his motion for relief, and claims to desire an opportunity to present his defense to this action. Based upon the limited record before the court, we conclude the facts do not evidence an intent to merely delay the proceedings on Stoecklein's part.

*Whether Stoecklein lacked knowledge of the procedural requirements.*

Johnson contends that Stoecklein, as a California attorney, must be presumed to have a knowledge of civil procedure, and therefore cannot claim he lacked knowledge of the procedural requirements. Stoecklein asserts that he did lack specific procedural knowledge in this matter—he had no knowledge that a trial date had been scheduled. Stoecklein also points out that the mere

fact that he is a California attorney would not have provided him with knowledge of the trial date.

A lack of procedural knowledge on the part of the moving party is not always necessary to show excusable neglect under NRCP 60(b)(1). *See, e.g.,* Passarelli v. J-Mar Development, 102 Nev. 283, 285-86, 720 P.2d 1221 (1986). Each case depends upon its own facts. In Hotel Last Frontier v. Frontier Property, 79 Nev. 150, 154, 380 P.2d 293, 294-95 (1963), we suggested guidelines for the lower court's exercise of discretion when determining whether to grant or deny a NRCP 60(b)(1) motion. We stated, "[T]he lack of knowledge of the party or counsel as to procedural requirements has been given weight." *Id.* at 154, 380 P.2d at 295; *see also* Kahn v. Orme, 108 Nev. 510, 835 P.2d 790 (1992); Yochum v. Davis, 98 Nev. 484, 653 P.2d 1215 (1982). A lack of procedural knowledge on the part of the moving party is but one persuasive factor to justify the granting of relief under NRCP 60(b)(1). It is not a determinative linchpin here. The key factor in the present case was Stoecklein's lack of notice of the trial date.

However, while Stoecklein may not have been ignorant of any procedural *requirements,* he was unaware of an essential procedural fact—the trial date. Neither Stoecklein's status as an attorney nor an extensive knowledge of civil procedure could have imbued him with knowledge of the trial date in this action. Therefore, we find Johnson's arguments unpersuasive.

*Whether Stoecklein acted in good faith.*

Good faith is an intangible and abstract quality with no technical meaning or definition and encompasses, among other things, an honest belief, the absence of malice, and the absence of design to defraud. Doyle v. Gordon, 158 N.Y.S.2d 248, 259-60 (Sup.Ct. 1954). In common usage the term is used to describe a state of mind denoting honesty of purpose and freedom from intent to defraud. Efron v. Kalmanovitz, 57 Cal.Rptr. 248, 251 (Ct.App. 1967). Although the underlying action against Stoecklein was based on fraud, there is no evidence that Stoecklein committed fraud in the proceedings before the district court.

Johnson contends that Stoecklein's assertion that he had no notice of the trial date is not made in good faith as his attorney received notice of the trial date. Notice or knowledge of an attorney, acquired during the time he is acting within the scope of employment, is imputed to the client. Armstrong v. Ashley, 204

U.S. 272, 283 (1906). However, the only evidence in the record suggesting Stoecklein received actual or constructive notice is an affidavit filed by Johnson's attorney, Mark Gibbons, that it was "his belief" that Stoecklein's attorney told him of the trial date. Additionally, there is nothing in the record indicating that notice of the trial date was sent to counsel for Stoecklein. In deciding cases, an appellate court must confine its consideration to the facts reflected in the record and the necessary and reasonable inferences to be drawn therefrom. Lindauer v. Allen, 85 Nev. 430, 433, 456 P.2d 851, 852-53 (1969). Statements made by counsel portraying what purportedly occurred will generally not be considered on appeal. Wichinsky v. Mosa, 109 Nev. 84, 87, 847 P.2d 727, 729 (1993). Accordingly, we do not assign any weight to the testimony contained in the affidavit.

Stoecklein unquestionably had full notice of the claim against him. He also undoubtedly knew a trial in the matter would be forthcoming. Perhaps the district court suspected that Stoecklein had actual notice of the trial date through some source. However, there is no evidence in the record to refute Stoecklein's contention that he did not receive notice of the trial date. There is similarly no indication in the record that notice of the trial date was ever mailed to Stoecklein, at any address, correct or incorrect.

There is also nothing in the record to indicate that Stoecklein did not act in good faith. Stoecklein presented adequate cause for failing to appear at the trial on January 15, 1992. His co-defendant in the case similarly failed to appear at trial, claiming lack of notice. Additionally, Stoecklein had filed an answer which, if true, would establish a meritorious defense. The tendering of a responsive pleading in good faith which would tend to establish a meritorious defense to all or part of the claim for relief is a factor the court will consider when ruling on an NRCP 60(b)(1) motion. Kahn v. Orme, 108 Nev. 510, 835 P.2d 790, 793 (1992).

Stoecklein has shown excusable neglect and therefore should be allowed his day in court, given that "[t]he salutary purpose of Rule 60(b) is to redress any injustices that may have resulted because of excusable neglect or the wrongs of an opposing party," Nevada Industrial Dev. v. Benedetti, 103 Nev. 360, 364, 741 P.2d 802, 805 (1987) (citation omitted), and in light of the state's sound basic policy of resolving cases on their merits whenever possible. Kahn, 108 Nev. at 510, 835 P.2d at 793.

We have carefully considered all of the other issues raised by the parties and conclude that they either lack merit or need not be addressed given our disposition of this appeal.

## CONCLUSION

There is no evidence in the record that shows notice of the trial date was sent to or received by Stoecklein. Therefore, for the reasons discussed, we conclude that Stoecklein's failure to appear for trial was due to circumstances that constitute excusable neglect under NRCP 60(b)(1). Accordingly, we reverse the decision of the district court and remand this case for a new trial on the merits.