An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH FRANCIS, AN INDIVIDUAL,
Appellant,
vs.
WYNN LAS VEGAS, LLC D/B/A WYNN
LAS VEGAS, A NEVADA LIMITED
LIABILITY COMPANY; AND STEPHEN
A. WYNN, AN INDIVIDUAL,
Respondents.

No. 61708

**FILED**

MAY 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a request to set aside default and judgment. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Wynn Las Vegas, LLC d/b/a Wynn Las Vegas and Stephen Wynn (collectively, Wynn) filed a lawsuit against Joseph Francis for defamation. Several months before the pretrial conference, Francis' counsel, Eric Sidebotham and Gary Pakele, withdrew from the case. After Francis failed to appear at the pretrial conference, the district court granted default in favor of Wynn and set a date for a prove-up hearing. Francis again failed to appear at the prove-up hearing, and the district court entered a judgment in favor of Wynn for $7.5 million. Francis responded by filing a motion for relief and requested that the district court set aside the default and judgment. The district court denied Francis' motion. Francis appealed the district court's order denying his motion, arguing that (1) the district court abused its discretion in refusing to set aside the default and judgment because of inadvertence, surprise,

14-14036

mistake, or excusable neglect; (2) the district court erred in refusing to set aside the default and judgment because the default was invalid;[1] and (3) the district court abused its discretion in refusing to set aside the default and judgment because of fraud.[2]

*The district court did not abuse its discretion in refusing to set aside the default and judgment because Francis failed to provide evidence of inadvertence, surprise, mistake, or excusable neglect*

Francis argues that the court should have set aside the default and judgment due to inadvertence, surprise, mistake, or excusable neglect under NRCP 60(b)(1). We disagree.

"The district court has wide discretion in deciding whether to grant or deny a motion to set aside a judgment under NRCP 60(b)." *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 271, 849 P.2d 305, 307 (1993). This court will not overturn the district court's decision absent an abuse of discretion. *Id.*; *Britz v. Consol. Casinos Corp.*, 87 Nev. 441, 445, 488 P.2d 911, 914-15 (1971) ("[T]he trial judge is free to judiciously and

---

[1]Francis argues that the default is invalid for four reasons: (1) Sidebotham and Pakele's motion to withdraw did not contain a notice of hearing; (2) the district court did not have jurisdiction to grant Sidebotham and Pakele's withdrawal; (3) Francis did not receive notice of the pretrial conference; and (4) the district court entered case-concluding sanctions without holding an evidentiary hearing. We disagree and conclude that the default is valid.

[2]Francis argues that the district court erred in not setting aside the default and judgment based on two misrepresentations from Wynn. Francis alleges that Wynn misrepresented that (1) "a letter was served on [Francis] and that this letter notified him of the pretrial conference," and (2) Francis had notice of the prove-up hearing. We disagree and conclude that Wynn's representations were accurate.

reasonably exercise discretion in determining whether a default judgment should be set aside.").

The district court may relieve a party from a final judgment or order for grounds of "mistake, inadvertence, surprise, or excusable neglect." NRCP 60(b)(1). This court noted that a district court must consider several factors before granting a NRCP 60(b)(1) motion: (1) "prompt application to remove the judgment"; (2) "absence of an intent to delay the proceedings"; (3) evidence of a lack of knowledge of procedural requirements on the part of the moving party, (4) moving party made the motion in good faith; and (5) the state's "basic policy for resolving cases on their merits when possible."[3] *Kahn v. Orme*, 108 Nev. 510, 513, 835 P.2d 790, 792-93 (1992) (emphasis and internal quotations omitted).

Further, "public policy dictates that cases be adjudicated on their merits." *Kahn*, 108 Nev. at 516, 835 P.2d at 794. However, "[l]itigants and their counsel may not properly be allowed to disregard process or procedural rules with impunity." *Lentz v. Boles*, 84 Nev. 197, 200, 438 P.2d 254, 256-57 (1968).

*Prompt application*

A motion for relief from default must be made "within a reasonable time" and "not more than 6 months after the proceeding was taken or the date that written notice of entry of the judgment or order was served." NRCP 60(b). This court suggested that the six-month period

---

[3]This court in *Kahn* also discussed another factor: "the moving party must promptly tender a meritorious defense to the claim for relief." 108 Nev. at 513, 835 P.2d at 793 (emphasis and internal quotations omitted). This court has since overruled that requirement. *See Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997).

"'represents the extreme limit of reasonableness.'" *Union Petrochemical Corp. of Nev. v. Scott*, 96 Nev. 337, 339, 609 P.2d 323, 324 (1980) (quoting *Murphy v. Bocchio*, 338 A.2d 519, 523 (R.I. 1975)). Further, this court stated that "want of diligence in seeking to set aside a judgment is ground enough for denial of such a motion." *Union Petrochemical*, 96 Nev. at 339, 609 P.2d at 324.

The district court found that Francis was aware of the relevant court dates and deadlines, yet "waited nearly five months after receiving notice of Wynn's intent to take default and over four months from receiving notice that default was entered, before filing his [m]otion."

We conclude that the district court did not abuse its discretion by finding that Francis did not promptly file his application for relief from default. Francis waited nearly five months after becoming aware of Wynn's intent to take default and the district court's entry of default before filing for relief. While he filed his motion within the six-month time period, the district court maintained the discretion to find that Francis did not promptly file his motion, but instead used the six-month deadline as a delay tactic. This is not how NRCP 60(b) should be utilized, and Francis has failed to show why his delay in filing his motion should constitute the extreme limit of reasonableness. *See Union Petrochemical*, 96 Nev. at 339, 609 P.2d at 324. Therefore, we conclude that this factor weighs in favor of the district court's ruling.

*Intent to delay proceedings*

The district court will consider the circumstances of each case to determine if the party has filed a NRCP 60(b) motion with the intent to delay the proceedings. *Stoecklein*, 109 Nev. at 272, 849 P.2d at 308; *Kahn*, 108 Nev. at 514, 835 P.2d at 793 (the district court did not abuse its discretion when it found that the party intended to delay the proceedings

by waiting nearly five months after the entry of default to obtain counsel to file a motion to set aside default and failed to establish an absence of intent to delay); *Union Petrochemical,* 96 Nev. at 339, 609 P.2d at 324 (the district court found that the party intended to delay by not filing until just before the six month period ended and it was not excused merely because the party's headquarters were located out of state).

Here, when denying Francis' motion for relief, the district court found that "the record demonstrates that Francis has sought to delay this case from its inception." Further, the district court stated that "Francis has been on notice of these proceedings and failed to take any action until his [m]otion for [r]elief was filed. And, it determined that "[Francis] willfully ignored his responsibility to comply with procedural rules as a *pro se* litigant."

We conclude that the district court did not abuse its discretion in determining that Francis intended to delay the proceedings by filing his motion for relief nearly five months after the notice of the entry of default. *Union Petrochemical,* 96 Nev. at 339, 609 P.2d at 324. Further, Francis has failed to provide any justification for filing his motion nearly five months after the district court entered default.[4] *Kahn,* 108 Nev. at 514,

---

[4]Francis did not allege that it took him five months to file his motion for relief for lack of counsel. However, even if Francis claimed that he delayed filing his motion for relief for lack of counsel, this argument is without merit because the district court found that Francis had hired David Houston to represent him at least three months prior to filing his motion for relief based on the comments Houston and Francis made to the press regarding appealing the district court decision. *Kahn,* 108 Nev. at 514, 835 P.2d at 793

835 P.2d at 793. Therefore, we conclude that this factor also weighs in favor of the district court's ruling.

*Lack of knowledge of procedural requirements*

If a party is unaware of the trial date because he did not receive notice of the date, then the party has shown they lacked knowledge of procedural requirements, which constitutes excusable neglect. *Stoecklein*, 109 Nev. at 273, 849 P.2d at 308. However, the neglect is not excusable if the party receives notice of the scheduled proceedings but fails to appear. *See Durango Fire Prot., Inc. v. Troncoso*, 120 Nev. 658, 663, 98 P.3d 691, 694 (2004) (holding that a movant has notice of the proceedings if he or she was served by mail). This court has further noted, when referring to NRCP 60(b), that "we are not confronted here with some subtle or technical aspect of procedure, ignorance of which could readily be excused. The requirements of the rule are simple and direct." *Union Petrochemical*, 96 Nev. at 339, 609 P.2d at 324.

The district court determined that Francis received notice of the scheduled proceeding but failed to appear. Specifically, the district court found that once Sidebotham and Pakele withdrew, Francis was acting without counsel because, even though another attorney, Mr. Aftergood, was assisting Francis in locating replacement counsel, Aftergood was never retained as counsel of record in this matter. Further, the district court found that "[t]he evidence demonstrates that Francis was fully aware of these proceedings, independent of what Aftergood may have told him."

We conclude that the district court did not abuse its discretion by refusing to set aside the default and judgment because Francis had knowledge of the procedural requirements to appear at the hearings. Francis' neglect was inexcusable because he was served with notice of the

hearings by mail. Also, Aftergood was not Francis' counsel of record, so it was Francis' responsibility, as a pro se litigant, to appear at the hearings. Further, this is not a complex procedural requirement, and someone as experienced at litigation as Francis surely understands that he needs to appear at the proceedings. This factor also weighs in favor of the district court's ruling and we, therefore, conclude that the district court did not abuse its discretion in refusing to set aside the default and judgment.[5]

Accordingly, we ORDER the judgment of the district court AFFIRMED.[6]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

---

[5]The district court did not address the remaining two factors. However, we conclude that they weigh in Wynn's favor because Francis did not file his motion to set aside in good faith and the policy of hearing cases on the merits was not intended to allow litigants to disregard process or procedural rules. *See Lentz*, 84 Nev. at 200, 438 P.2d at 256-57.

[6]We have considered the parties' remaining arguments and conclude they are without merit.

cc:    Hon. Mark R. Denton, District Judge
Ara H. Shirinian, Settlement Judge
Parker Scheer Lagomarsino
Lipson Neilson Cole Seltzer & Garin, P.C.
Brownstein Hyatt Farber Schreck, LLP/Los Angeles
Pisanelli Bice, PLLC
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A