An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

HADLEY T. JAMES,
Appellant,
vs.
EMILY JAMES,
Respondent.

No. 61834

**FILED**

JUL 2 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court post-divorce decree order denying appellant's NRCP 60(b) motion and granting respondent's countermotion regarding child support. Eighth Judicial District Court, Family Court Division, Clark County; William B. Gonzalez, Judge.

On December 2, 2009, the district court entered an order awarding respondent over $164,000 in attorney fees and costs incurred in the divorce proceeding. The order also provided that the attorney fees award was for the benefit and/or support of the minor child. Appellant filed a motion on August 6, 2012, requesting that the district court set aside the December 2, 2009, order for fraud or mistake under NRCP 60(b). Appellant argued that the attorney fees order should not have referenced child support, which had been awarded in a separate order. The district court denied appellant's motion, granted respondent's countermotion to hold appellant in contempt for failing to pay his monthly child support obligation, and ordered appellant's wages garnished to cover his child support obligation. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

H-24486

Having considered the civil proper person appeal statement and record on appeal, we conclude that the district court did not abuse its discretion in denying appellant's motion to set aside the December 2, 2009, order.[1] *See Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996) (providing that this court reviews a district court's decision on an NRCP 60(b) motion for an abuse of discretion). NRCP 60(b) requires that a motion to set aside an order for fraud or mistake must "be made within a reasonable time, and . . . not more than 6 months after the proceeding." Although the district court denied appellant's motion on claim preclusion grounds, because the motion was filed more than six months after the December 2, 2009, order, it was untimely. *See Union Petrochemical Corp. of Nev. v. Scott*, 96 Nev. 337, 339, 609 P.2d 323, 324 (1980) (recognizing that a lack of diligence in moving to set aside a judgment is sufficient for denial of the motion); *see also Rodriguez v. Primadonna Co.*, 125 Nev. 578, 591, 216 P.3d 793, 802 (2009) (explaining that "[a] district court's correct result will not be disturbed on appeal even though its decision was reached by relying on different grounds").

In regard to appellant's argument that the district court did not have the authority to hold him in contempt for failing to pay child support, we conclude that the district court did have the authority to hold appellant in contempt. *See Southwest Gas Corp. v. Flintkote Co.*, 99 Nev. 127, 131, 659 P.2d 861, 864 (1983) (providing that a court can hold a party

---

[1]While we recognize that the child support provision was erroneously included in the district court's December 2, 2009, order, we affirm the decision here because appellant's NRCP 60(b) challenge was untimely.

in contempt for failing to comply with a clear order of the court); *see also* NRS 22.010(3). Further, we conclude that the district court properly ordered appellant's wages garnished because he was failing to pay his monthly child support obligation. *See* NRS 125B.020 (providing that a parent has a duty to provide support for his or her child).

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. William B. Gonzalez, District Judge, Family Court Division
        Hadley T. James
        Kainen Law Group, PLLC
        Eighth District Court Clerk

_____

[2]To the extent that appellant's arguments are not addressed in this order, we conclude that they lack merit.