An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ADVANCED CHECK CASHING & PAYDAY LOANS; AND CARL HULL, Appellants, vs. THE STATE OF NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY, FINANCIAL INSTITUTIONS DIVISION, Respondent. | No. 60759 **FILED** DEC 1 6 2014 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY S. Young DEPUTY CLERK |
| ADVANCED CHECK CASHING & PAYDAY LOANS; AND CARL HULL, Appellants, vs. THE STATE OF NEVADA DEPARTMENT OF BUSINESS AND INDUSTRY, FINANCIAL INSTITUTIONS DIVISION, Respondent. | No. 61538 |

*ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court order granting declaratory relief in a statutory interpretation matter and a post-judgment order denying relief under NRCP 60(b). First Judicial District Court, Carson City; James Todd Russell, Judge.

NRS 604A.425 caps the amount of a deferred deposit loan to 25 percent of a borrower's expected gross monthly income. In this appeal, we are asked to determine whether that cap includes both the principal borrowed and the interest charged. In *State, Department of Business and Industry v. Check City Partnership, LLC*, 130 Nev. ___, ___ P.3d ___, ___ (Adv. Op. No. 90, November 13, 2014), we concluded that NRS 604A.425 unambiguously provides that the 25-percent cap includes both principal

14-40967

and interest. In accordance with that opinion, we affirm the district court's order granting declaratory relief.

Additionally, the appellant, Advanced Check Cashing & Payday Loan (ACC), argues that the doctrine of judicial estoppel prevents the respondent, Nevada's Department of Business and Industry, Financial Institutions Division (FID), from asserting its proffered interpretation of NRS 604A.425 because it had previously enforced the statute such that the 25-percent cap only included principal. This argument lacks merit. "Whether judicial estoppel applies is a question of law subject to de novo review. *NOLM, LLC v. Cnty. of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004). Judicial estoppel requires, inter alia, that a party took contrary positions "in judicial or quasi-judicial administrative proceedings." *Id.* (internal quotation marks omitted). Although the FID appears to have adopted its current interpretation a number of years after the Legislature enacted NRS 604A.425, ACC's argument is undermined by the lack of any actual judicial or quasi-judicial proceedings wherein the FID asserted a contrary position. Accordingly, the doctrine of judicial estoppel does not apply.

ACC also argues that the district court abused its discretion by refusing to grant relief from the final judgment under NRCP 60(b). ACC argues it was entitled to such relief because the FID failed to acknowledge past efforts to change the Nevada Administrative Code and notify other lenders of pending litigation about the proper interpretation of the 25-percent cap. Again, we disagree.

This court will not upset a district court's decision on an NRCP 60(b) motion absent an abuse of discretion. *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 271, 849 P.2d 305, 307 (1993). NRCP 60(b)(3) provides that a district court has the discretion to provide relief from a final

judgment on the basis of "fraud . . . , misrepresentation or other misconduct of an adverse party."

Federal court decisions interpreting the federal civil procedure rules provide guidance on the application of the fraud provision of NRCP 60(b). *See Nelson v. Heer*, 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005) (recognizing that federal cases are persuasive authority in interpreting the Nevada Rules of Civil Procedure). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000); *see also Fierle v. Perez*, 125 Nev. 728, 733-34 n.3, 219 P.3d 906, 909-10 n.3 (2009) (concluding that a party failed to demonstrate fraud pursuant to NRCP 60(b)(3) by clear and convincing evidence), *overruled on other grounds by Egan v. Chambers*, 129 Nev. ___, ___, 299 P.3d 364, 365 (2013). Fraud must "not be discoverable by due diligence before or during the proceeding." *Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991).

Here, ACC argues that the district court was unable to make a decision based on a complete record because of the FID's failure to mention its three prior attempts to promulgate a regulation that included its favored interpretation of NRS 604A.425. We reject this argument for two reasons.

First, it is unclear how the FID's previous attempts to promulgate the regulation affected the district court's statutory interpretation of NRS 604A.425, as the proposed regulation has no bearing on whether the statute is ambiguous or the Legislature's intent. *See, e.g., Estate of Smith v. Mahoney's Silver Nugget, Inc.*, 127 Nev. ___, ___, 265

SUPREME COURT
OF
NEVADA

(O) 1947A

P.3d 688, 690 (2011) (setting forth the principles of statutory interpretation). Thus, the FID's failure to mention these attempts, whether intentional or not, does not appear to have "prevented the losing party from fully and fairly presenting the defense." *De Saracho*, 206 F.3d at 880.

Second, the proposed regulations were publicly available and subject to a notice and comment period, thus, the alleged fraud was "discoverable by due diligence." *Pac. & Arctic Ry.*, 952 F.2d at 1148.

ACC also notes that the FID did not tell other affected businesses about the pending litigation between ACC and the FID regarding the proper interpretation of the 25-percent cap. ACC does not argue that other lenders were necessary parties to the litigation under NRCP 19(a), nor does it cite any authority that supports its argument that the FID had a duty to provide notice of its litigation to other businesses. Thus, the district court did not abuse its discretion in refusing to grant ACC's NRCP 60(b) motion on the basis of fraud, misrepresentation, or misconduct.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                      Hardesty

_____, J.          _____, J.
Parraguirre                                   Douglas

_____, J.          _____, J.
Cherry                                          Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

4

cc:    Hon. James Todd Russell, District Judge
Mark J. Krueger
Holland & Hart LLP/Las Vegas
Attorney General/Las Vegas
Carson City Clerk