An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FRED O. DAWSON, AN INDIVIDUAL,
Appellant,
vs.
TEST EQUIPMENT CORPORATION, A
CALIFORNIA CORPORATION,
Respondent.

No. 64212

**FILED**

APR 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a post-judgment order setting aside a judgment pursuant to NRCP 60(b) in a breach of contract action. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant Fred Dawson challenges the district court's order granting NRCP 60(b)(1) relief from its prior order granting partial summary judgment in appellant's favor. The district court granted relief from its order of summary judgment as to respondent's claims for rescission on the basis of intentional misrepresentation, breach of the implied covenant of good faith and fair dealing, and attorney's fees.

Under NRCP 60(b)(1), the district court may grant relief from a final judgment on grounds of mistake, inadvertence, surprise, or excusable neglect when the moving party shows (1) a prompt application to remove the judgment, (2) an absence of intent to delay the proceedings, (3) its lack of knowledge of the procedural requirements, and (4) good faith. *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 271, 849 P.2d 305, 307 (1993). The district court has wide discretion in granting a motion for relief under NRCP 60(b), and we will not disturb its determination absent

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11466

an abuse of discretion. *Id.* The district court must consider the underlying basic policy of deciding a case on the merits. *Id.*

Appellant contends that respondent did not establish excusable neglect, intended to delay the proceedings, and lacked good faith.[1] Appellant asserts that the respondent's principal's heart attack, the closure of respondent's offices for the holidays, and allegations that respondent did not receive copies of the motion sent to respondent's registered addresses did not render its neglect excusable.

The district court first found that the motion was timely as it was filed ten days after service of the notice of entry of its order. This constitutes a reasonable time for this rule where six months may be considered the extreme limit of reasonableness. NRCP 60(b); *see Union Petrochemical Corp. of Nev. v. Scott*, 96 Nev. 337, 339, 609 P.2d 323, 324 (1980). Second, the district court found no intent to delay in light of respondent's counsel's withdrawal and re-engagement. Despite falling beyond DCR 13(3)'s deadline, respondent's prompt efforts to remedy the situation by re-engaging counsel and opposing the motion do not suggest an intent to delay. *See Kahn v. Orme*, 108 Nev. 510, 514, 835 P.2d 790, 793 (1992) (concluding no abuse of discretion when district court found intent to delay the proceedings by waiting almost five months after the entry of default to obtain counsel to seek relief). Third, the district court found that respondent was unaware of its obligation because it lacked

---

[1]Appellant also argues that respondent failed to tender a meritorious defense. This court has abandoned the requirement that NRCP 60(b)(1) relief in setting aside a default judgment requires showing a meritorious defense. *Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 773 (1997).

counsel when the motion for summary judgment was filed. Nothing in the record suggests that respondent was aware of the deadline imposed by local court rules. *See Stoecklein*, 109 Nev. at 273, 849 P.2d at 308. Finally, the district court found that respondent acted in good faith by promptly filing a motion to extend the deadline to object to appellant's motion and that the interests of justice warrant adjudicating the matter on the merits. In light of the preceding, the record does not suggest that respondent acted in bad faith.

Having reviewed the record, we conclude that the district court's findings are supported by the record and that the district court has not abused its discretion. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Elliott A. Sattler, District Judge
Charles L. Geisendorf, Ltd.
Oshinski & Forsberg, Ltd.
Washoe District Court Clerk