# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANA R. ARIZA,
Appellant,
vs.
DEWAYNE ROSE,
Respondent.

No. 71541

**FILED**

SEP 19 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a motion to set aside a judgment pursuant to NRCP 60(b)(1). Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

NRCP 60(b)(1) allows a district court to set aside a judgment on grounds of mistake, inadvertence, surprise, or excusable neglect. To receive NRCP 60(b)(1) relief, a party should demonstrate "(1) a prompt application to remove the judgment; (2) an absence of an intent to delay the proceedings; (3) a lack of knowledge of the procedural requirements on the part of the moving party; and (4) good faith." *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 271, 849 P.3d 305, 307 (1993). While a lack of knowledge of the procedural requirements is not always necessary, *id.* at 273, 849 P.2d at 308, "[a] showing of a meritorious defense to the action is . . . required," *id.* at 271, 849 P.2d at 307. This court reviews the denial of NRCP 60(b)(1) relief for an abuse of discretion. *Ford v. Branch Banking & Trust Co.*, 131 Nev., Adv. Op. 53, 353 P.3d 1200, 1202 (2015).

Appellant argues that the district court abused its discretion in denying her motion to set aside the order denying respondent's paternity because she established excusable neglect. The district court orally directed appellant to present the children for DNA testing, but no

17-31566

written order in that regard was ever signed or filed. A year later, respondent moved the court for an order declaring that he was not the children's father and directing the removal of his name from their birth certificates because appellant had never produced the children for DNA testing. Appellant's counsel was a few minutes late to the hearing on respondent's motion and arrived after the court had granted the motion for lack of opposition. Eleven days after the hearing, appellant filed a motion to set aside the order denying respondent's paternity, but the court denied the motion.

Having considered appellant's arguments[1] and the record on appeal, we conclude that the district court abused its discretion by denying appellant's motion to set aside the order denying respondent's paternity because appellant established excusable neglect under NRCP 60(b)(1). Respondent's motion was granted primarily because appellant's counsel was a few minutes late to the hearing. See Stoecklein, 109 Nev. at 271, 849 P.2d at 307 (recognizing that this state has an "underlying basic policy of deciding a case on the merits whenever possible"). Appellant promptly moved to set aside the order and there is no evidence that she intended to delay the proceedings or acted in bad faith. Additionally, she has a meritorious defense to respondent's motion as his motion is based on her failure to produce the children for DNA testing, but there is no written order requiring her to do so. See Rust v. Clark Cty. Sch. Dist., 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (providing that "[t]he district court's oral pronouncement from the bench, the clerk's minute order, and even an

---

[1]We note that respondent's counsel withdrew and respondent did not retain new counsel or file a pro se responsive brief, and thus, this matter was submitted for decision on the opening brief.

unfiled written order are ineffective for any purpose"); *Div. of Child & Family Servs. v. Eighth Judicial Dist. Court,* 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004) (holding that "dispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective"). Therefore, appellant demonstrated excusable neglect warranting NRCP 60(b)(1) relief from the order denying respondent's paternity, and we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Robert W. Lane, District Judge
Esmeralda County District Attorney
Dewayne Rose
Robert E. Glennen, III
Nye County Clerk