**134 Nev., Advance Opinion 78**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ENRIQUE RODRIGUEZ, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>FIESTA PALMS, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A PALMS CASINO RESORT, N/K/A FCH1, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Respondent. | No. 72098<br><br>FILED<br><br>OCT 04 2018<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order denying a motion to set aside the judgment under NRCP 60(b). Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

*Affirmed.*

Marquis Aurbach Coffing and Micah S. Echols and Adele V. Karoum, Las Vegas,
for Appellant.

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno,
for Respondent.

---

BEFORE CHERRY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, STIGLICH, J.:

This appeal requires us to consider two fundamental interests of our justice system: the importance of deciding cases on the merits and the

need to swiftly administer justice. Deciding cases on the merits sometimes requires courts to accommodate the needs of litigants—especially unrepresented litigants like the appellant in this case. Swiftly administering justice requires courts to enforce procedural requirements, even when the result is dismissal of a plaintiff's case. We afford broad discretion to district courts to balance these interests within the context of an NRCP 60(b)(1) motion for relief. In this case, a district court denied a pro se plaintiff's NRCP 60(b) motion for relief that was filed five months and three weeks after the court dismissed his case because he did not comply with procedural requirements. That decision was not an abuse of discretion. Accordingly, we affirm.

## BACKGROUND

In 2006, appellant Enrique Rodriguez sued Fiesta Palms, LLC, for injuries he sustained at the Fiesta Palms sportsbook. Those injuries occurred when a Fiesta Palms employee threw merchandise into a crowd, causing an unknown customer to dive into Rodriguez's knee. Rodriguez won a judgment for $6,051,589.38.

Fiesta Palms appealed to this court. Identifying numerous evidentiary errors, this court reversed the judgment and remanded for a new trial. *FCH1, LLC v. Rodriguez*, 130 Nev. 425, 435, 335 P.3d 183, 190 (2014). Following remittitur on November 4, 2014, Rodriguez's counsel moved to withdraw from representing Rodriguez. The district court granted that motion and subsequently granted two continuances to allow Rodriguez to secure counsel.

Rodriguez eventually secured new counsel. The district court proceeded to grant two more continuances of the trial, one to accommodate Rodriguez and one to accommodate Fiesta Palms. Approximately one month before trial, Rodriguez's new counsel moved to withdraw from the

case. The court held a pretrial conference, at which neither Rodriguez nor his counsel appeared. Fiesta Palms consented to the proposed withdrawal, which the district court granted. The district court pushed the trial date to May 2, 2016, to allow Rodriguez to again secure new counsel.

Fiesta Palms timely filed numerous pretrial motions: a motion to dismiss, a motion for partial summary judgment, and 16 motions in limine. Rodriguez filed nothing in response and appeared pro se at the hearing on the motions in limine on April 7, 2016. He intimated that he was struggling to find counsel to represent him and requested a six-month continuance. The court denied that request and then granted the motions in limine as unopposed pursuant to EDCR 2.20(e). The court then warned him, "Mr. Rodriguez, if you want to pursue this case, you have to do something." The court then informed him of the pending April 14 hearing on Fiesta Palms' motion to dismiss. The court reiterated, "If you can't find an attorney, you have to do it yourself. It's your claim. You are the plaintiff. If you want to pursue it, you have to follow the rules like anyone else."

Rodriguez filed nothing before the April 14 hearing and appeared without legal representation. Rodriguez stated that he had contacted a local attorney who agreed to appear at the hearing, but no attorney showed up. Rodriguez requested a continuance, which the court denied. The court explained that he had a duty to respond to Fiesta Palms' motions and told him, "[W]hile we are to accord some accommodations and deference to self-represented litigants, you still have to follow the rules." On April 20, 2016, the district court entered an order granting Fiesta Palms' motion to dismiss. That order stated: "Defendant's Motion was unopposed and therefore deemed meritorious pursuant to EDCR 2.20(e)."

Five months and three weeks later, on October 14, 2016, Rodriguez moved to set aside the district court's order of dismissal pursuant to NRCP 60(b). As good cause for his delay, Rodriguez alleged various medical issues and recounted his efforts to obtain legal representation. He provided affidavits from his girlfriend and medical provider in support of his claim that he was in poor health.

After full briefing and oral argument, the district court denied Rodriguez's motion for NRCP 60 relief. In its written order, the district court considered the factors set forth in *Yochum v. Davis*, 98 Nev. 484, 486, 653 P.2d 1215, 1216 (1982), and concluded that they favored denial of Rodriguez's NRCP 60 motion. Rodriguez appeals that order.

## DISCUSSION

Rodriguez's primary argument on appeal is that the district court abused its discretion when it denied his motion to set aside the judgment under NRCP 60(b).[1] "The district court has wide discretion in deciding whether to grant or deny a motion to set aside a judgment under NRCP 60(b). Its determination will not be disturbed on appeal absent an

---

[1] We reject Rodriguez's additional arguments. First, our disposition renders moot his appeal from the district court's order denying his request to set aside the order granting Fiesta Palms' motions in limine. Second, we decline to address Rodriguez's argument relating to the judge's law clerk's alleged conflict of interest. Rodriguez was represented when the district court informed the parties of the potential conflict and failed to pursue this issue below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). Finally, we decline to consider whether dismissal was an appropriate discovery sanction, since the district court granted Fiesta Palms' motion to dismiss because it was unopposed, not as a discovery sanction. *See* EDCR 2.20(e).

abuse of discretion." *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996).

In general, the rules of civil procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." NRCP 1. "The salutary purpose of Rule 60(b) is to redress any injustices that may have resulted because of excusable neglect or the wrongs of an opposing party." *Nev. Indus. Dev., Inc. v. Benedetti*, 103 Nev. 360, 364, 751 P.2d 802, 805 (1987). NRCP 60(b)(1) provides that a district court "may relieve a party or a party's legal representative from a final judgment, order, or proceeding" on grounds of "mistake, inadvertence, surprise, or excusable neglect." In *Yochum v. Davis*, this court established four factors that indicate whether NRCP 60(b)(1) relief is appropriate: "(1) a prompt application to remove the judgment; (2) the absence of an intent to delay the proceedings; (3) a lack of knowledge of procedural requirements; and (4) good faith."[2] 98 Nev. at 486, 653 P.2d at 1216. Finally, when evaluating an NRCP 60(b)(1) motion, "the district court must consider the state's underlying basic policy of deciding a case on the merits whenever possible." *Stoecklein v. Johnson Elec., Inc.*, 109 Nev. 268, 271, 849 P.2d 305, 307 (1993).

*Whether Rodriguez acted promptly*

Beginning with the first *Yochum* factor, a motion for NRCP 60(b)(1) relief must be filed "within a reasonable time" and "not more than 6 months after the proceeding was taken or the date that written notice of

---

[2]*Yochum* additionally required the moving party to "tender a 'meritorious defense' to the claim for relief." 98 Nev. at 487, 653 P.2d 1215. We overruled that requirement in *Epstein v. Epstein*, 113 Nev. 1401, 1405, 950 P.2d 771, 772 (1997).

entry of the judgment or order was served." NRCP 60(b). The six-month period "represents the extreme limit of reasonableness." *Union Petrochemical Corp. of Nev. v. Scott*, 96 Nev. 337, 339, 609 P.2d 323, 324 (1980) (internal quotation marks omitted).

As the district court noted, Rodriguez filed his request for NRCP 60 relief "approximately five months and three weeks after" the order was entered dismissing his case. That is, his motion was filed just before "the extreme limit of reasonableness." *Union Petrochemical*, 96 Nev. at 339, 609 P.2d at 324. Rodriguez argues that this delay was excusable in light of his circumstances, namely, that he was living outside of Nevada, that he was struggling to find counsel, and that he was in poor physical and mental health.

While this case had a voluminous record and Rodriguez evidently struggled to find counsel, the facts relevant to an NRCP 60 motion would not have been overly burdensome for an attorney to review. Indeed, the motion that Rodriguez ultimately filed was not complex, but mostly consisted of allegations of personal hardship. Those allegations are partially rebutted by the fact that he was personally present when the district court granted Fiesta Palms' motion to dismiss, and therefore evidently capable of acting on his behalf.

Ultimately, the district court was in a better position than we are to determine whether Rodriguez's nearly six-month delay was excusable. The record supports the district court's determination that it was not. *See Kahn v. Orme*, 108 Nev. 510, 514, 835 P.2d 790, 793 (1992), *overruled in part on other grounds by Epstein*, 113 Nev. at 104, 950 P.2d at 772 (affirming a district court's finding that an unrepresented litigant was not prompt in filing an NRCP 60(b) motion "nearly six months" after entry

Supreme Court
OF
Nevada

(O) 1947A

6

of a default judgment). This factor weighs heavily in favor of affirmance. *See Union Petrochemical*, 96 Nev. at 339, 609 P.2d at 324 ("[W]ant of diligence in seeking to set aside a judgment is ground enough for denial of such a motion.").

*Whether Rodriguez intended to delay the proceedings*

Turning to the second *Yochum* factor—whether the party seeking NRCP 60(b)(1) relief exhibited "an intent to delay the proceedings," 98 Nev. at 486, 653 P.2d at 1216—the district court noted that "[t]here have been numerous continuances of the trial date at [Rodriguez]'s request." However, the district court did not make a specific finding as to Rodriguez's intent.

The facts of this case support an inference of an intent to delay. That is, Rodriguez exhibited a pattern of repeatedly requesting continuances and filed his NRCP 60(b)(1) motion just before the six-month outer limit. His conduct differed markedly from that of a litigant who wishes to swiftly move toward trial. *Cf. Stoecklein*, 109 Nev. at 272, 849 P.2d at 308 (wherein a litigant "retained new local counsel promptly after learning of the judgment" and "timely filed his motion for relief"). His conduct indicates that he intended to delay trial until he secured new counsel, rather than proceeding without representation. Thus, this factor favors affirmance.

*Whether Rodriguez lacked knowledge of the procedural requirements*

Regarding the third *Yochum* factor, Rodriguez argues that he was not aware of the procedural requirements because he lacked representation at the time that the motion to dismiss was filed. The district court rejected this argument upon finding that Rodriguez "had actual knowledge of the mandatory procedural requirements imposed upon him."

Fiesta Palms argues that Rodriguez was on legal notice as to the procedural requirements because the district court and Fiesta Palms mailed notices to his home address. Fiesta Palms further argues that Rodriguez was put on actual notice at the April 7 hearing, when the court informed him of the upcoming hearing and warned him, "Mr. Rodriguez, if you want to pursue this case, you have to do something."

Rodriguez counters that he did not receive the notices that were mailed to his house and he misunderstood the court's warning at the April 7 hearing. That is, he claims to have understood that warning to mean that he must appear at the hearing on Fiesta Palms' motion to dismiss; he did not realize he was required to file a written opposition. This claim is unpersuasive because Rodriguez personally witnessed the court grant Fiesta Palms' motions in limine because he did not file a written opposition. Rodriguez should have inferred the consequences of not opposing the motion to dismiss, especially in light of the court's express warning to take action. Moreover, Rodriguez had previously filed a motion to recuse a prior judge on this case without the assistance of counsel, so he was evidently capable of filing motions on his own. Lastly, in general, the rules of civil procedure "cannot be applied differently merely because a party not learned in the law is acting pro se." *Bonnell v. Lawrence*, 128 Nev. 394, 404, 282 P.3d 712, 718 (2012). While district courts should assist pro se litigants as much as reasonably possible, a pro se litigant cannot use his alleged ignorance as a shield to protect him from the consequences of failing to comply with basic procedural requirements. *See Kahn*, 108 Nev. at 515, 835 P.2d at 793 (concluding that an unrepresented party's "failure to obtain new representation or otherwise act on his own behalf is inexcusable").

In short, the record supports the district court's finding that Rodriguez was aware of the procedural requirements imposed upon him. This factor favors affirmance.

*Whether Rodriguez acted in good faith*

The district court considered but made no finding regarding the fourth *Yochum* factor—whether Rodriguez acted in "good faith." 98 Nev. at 486, 653 P.2d at 1216. "Good faith is an intangible and abstract quality with no technical meaning or definition and encompasses, among other things, an honest belief, the absence of malice, and absence of design to defraud." *Stoecklein*, 109 Nev. at 273, 849 P.2d at 309. Because the district court made no finding as to this fourth *Yochum* factor, we decline to consider it further. Even assuming Rodriguez acted in good faith, we affirm the district court's decision based on the first three *Yochum* factors, all of which favor denial of Rodriguez's NRCP 60(b)(1) motion.

## CONCLUSION

The decision to grant or deny an NRCP 60(b)(1) motion for relief requires a district court to balance the preference for resolving cases on the merits with the importance of enforcing procedural requirements. When finding that balance, a district court must carefully consider all of the relevant facts, including the difficulties faced by pro se litigants such as Rodriguez. The record in this case indicates that the district court carefully considered Rodriguez's unique circumstances when it denied his NRCP 60(b)(1) motion. We afford "wide discretion" to district court determinations within this realm, *Stoecklein*, 109 Nev. at 271, 849 P.2d at 307, and we conclude that there was no abuse of discretion in denying NRCP 60(b)(1)

relief to an unrepresented litigant who knowingly neglected procedural requirements and then failed to promptly move for relief.  Accordingly, we affirm.

_____, J.
Stiglich

We concur:

_____, J.
Cherry

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A