# IN THE SUPREME COURT OF THE STATE OF NEVADA

KIM BLANDINO,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK,
Respondent,
  and
THE HONORABLE STEVE SISOLAK,
GOVERNOR OF NEVADA; CHIEF
JUDGE LINDA MARIE BELL IN HER
JUDICIAL AND ADMINISTRATIVE
EXECUTIVE CAPACITY; AND SENIOR
JUDGE DAVID BARKER IN HIS
JUDICIAL, EXECUTIVE AND
ADMINISTRATIVE CAPACITY,
Real Parties in Interest.

No. 81431

**FILED**

JUL 08 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING MOTION TO FILE PETITION IN EXCESS OF NRAP 21(D) LIMITS

Petitioner has filed a 38-page emergency petition for extraordinary writ relief. Although NRAP 21(d), as amended effective June 8, 2020, limits such petitions to 15 pages or no more than 7000 words absent court-granted leave to file a longer petition, petitioner failed to file a certificate of compliance with this rule, as required by NRAP 21(e), or a separate motion to exceed the page/word limit. Instead, in the petition, petitioner asks this court to "suspend any and all rules," explaining that he is under great strain and cannot keep up with his workload. Petitioner asks that, given the short timeframe and delay, this court take notice of his diligence and good cause and treat his request as a motion to exceed any page limits.

20-25221

While we agree to treat petitioner's request as a motion to exceed the NRAP 21(d) page/word limit, we conclude that he has failed to demonstrate diligence and good cause to file a petition more than twice the allowable length. As NRAP 32(a)(7)(D)(i) explains, motions to exceed the page/word limit are not routinely granted. *See* NRAP 21(d) (providing that motions to exceed the page/word limit are subject to NRAP 32(a)(7)(D)). Rather, such motions "will be granted only upon a showing of diligence and good cause." NRAP 32(a)(7)(D)(i). Further, petitioner is subject to these rules the same as an attorney. *See Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 659, 428 P.3d 255, 258-59 (2018) (noting that procedural rules cannot be applied differently to pro se litigants). We are not convinced that petitioner has demonstrated "diligence and good cause" to warrant a petition that exceeds the page/word limit because the proposed petition includes extraneous facts and information and a significant amount of impertinent opinion. *Cf.* NRAP 28(j) ("All briefs under this Rule must be concise, presented with accuracy, . . . and free from burdensome, irrelevant, immaterial or scandalous matters."). Accordingly, we deny the motion to exceed the page/word limit and direct the clerk of this court to strike the overlength petition.

It is so ORDERED.

_____ *Pickering* , C.J.
Pickering

_____ , J.          _____ , J.
Gibbons                     Stiglich

cc: Kim Blandino
Attorney General/Carson City
Adrian S. Viesca
Attorney General/Las Vegas
Eighth District Court Clerk