# IN THE SUPREME COURT OF THE STATE OF NEVADA

KIM BLANDINO,
Petitioner,
vs.
JOSEPH LOMBARDO, SHERIFF; THE
HONORABLE MICHELLE LEAVITT,
DISTRICT JUDGE; AND THE
HONORABLE LINDA MARIE BELL, OF
THE EIGHTH JUDICIAL DISTRICT
COURT,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 83472

**FILED**

SEP 3 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### *ORDER DENYING MOTION TO FILE PETITION IN EXCESS OF NRAP 21(D) LIMITS*

Petitioner has filed a 60-page emergency petition for extraordinary writ relief, including his NRAP 27(e) certificate. In the petition, petitioner seeks relief from his house arrest conditions for the fourth time and also raises numerous issues relating to various aspects of the underlying criminal proceedings. As NRAP 21(d) limits such petitions to 15 pages or no more than 7000 words absent court-granted leave to file a longer petition, petitioner also filed an emergency motion for leave to file an overlength petition and/or to suspend the NRAP and to invite amicus curiae's participation.

In the motion, petitioner asserts that the petition raises issues of broad public importance and explains that he should not have to file multiple petitions to address these issues. Having reviewed petitioner's arguments, we conclude that he has failed to demonstrate diligence and good cause to file the overlength petition. As NRAP 32(a)(7)(D)(i) explains, motions to exceed the page/word limit are not routinely granted. *See* NRAP

SUPREME COURT
OF
NEVADA

(O) 1947A

21-28147

21(d) (providing that motions to exceed the page/word limit are subject to NRAP 32(a)(7)(D)). Rather, such motions "will be granted only upon a showing of diligence and good cause." NRAP 32(a)(7)(D)(i). Further, petitioner is subject to these rules the same as an attorney. *See Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 659, 428 P.3d 255, 258-59 (2018) (noting that procedural rules cannot be applied differently to pro se litigants). We are not convinced that petitioner has demonstrated "diligence and good cause" to warrant a petition that exceeds the page/word limit and note that the petition raises several issues on which petitioner has already sought and been denied extraordinary relief and others that may be reviewed on appeal. *See Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1197 (2020) ("Because mandamus is an extraordinary remedy, this court does not typically employ it where ordinary means, already afforded by law, permit the correction of alleged errors."); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004) ("[T]he right to appeal is generally an adequate legal remedy that precludes writ relief."). Accordingly, we deny the motion for excess pages and direct the clerk of this court to strike the overlength petition. All other relief requested in the motion is denied as moot.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Linda Marie Bell, Chief Judge
   Hon. Michelle Leavitt, District Judge
   Kim Blandino
   Attorney General/Carson City
   Clark County District Attorney
   Eighth District Court Clerk